No. 2640

Second Circuit

---

HICKS v. GRIFFITH ET AL.

---

(April 5, 1929. Opinion and Decree.)

---

William M. Pollock, of Mansfield, attorney for plaintiff, appellant.

Craig, Bolin and Magee, of Mansfield, attorneys for defendants, appellees.

REYNOLDS, J. Plaintiff, Charles B. Hicks, appeals from a judgment rejecting as in case of non-suit, his demand against defendants, W. J. Griffith and J. C. Griffith, for $326.81 with legal interest thereon from December 1, 1924, as the value of his undivided interest in certain timber belonging to himself and W. G. Glover equally and indivision and alleged to have been cut by defendants.

By act passed before William M. Pollock, notary, on August 13, 1923, plaintiff, C. B. Hicks, and the Hicks-Richardson Company, Limited, sold to defendants, W. J. Griffith and J. C. Griffith, certain timber owned by them in indivision on certain described lands.

The consideration of the sale was $4,000.00, part of which was paid in cash at the making of the sale and the balance was represented by promissory notes of the purchaser.

It was stipulated in the act of sale, among other things, that:

"It is further agreed and understood by all parties to this act, that the consideration of $4,000.00 aforesaid is made upon the basis that the vendors have at least one million feet of cypress timber in and

upon the aforesaid described property, regardless of whether or not the said vendors have the same thereupon; and it is further stipulated and understood that the said vendees or purchasers are to keep a correct tab or account of all timber as cut by them and render an accurate estimate of cut as made by them on or before the 10th of each month, of the preceding month's cut from said premises; and the said purchasers or vendees further agree to pay the said vendors after the first one million feet is cut at the rate of $4.00 per M for such additional timber over one million feet, and 10c for all No. 3, and 12½c for No. 4, and 15c for all No. 5 ties that is cut and removed from the aforesaid premises, which is to be paid for on or before the 10th of each month for the preceding month's cut from aforesaid premises, and statement of said cut to accompany the aforesaid payments for the timber or ties as cut by said vendees or purchasers.

"It is further agreed and stipulated that should the said vendees cut and remove sufficient amount of timber and ties aforesaid at the price aforesaid to exceed the purchase price of four thousand dollars, even before the full and final payment of the aforesaid purchase price of four thousand dollars is fully paid and liquidated, they agree to pay said vendors the aforesaid price for timber and the aforesaid price for ties on or before the 10th of each month for the preceding month's cut from said premises.

"The aforesaid purchasers further agree to work up all dead and down timber as well as all tops, etc. that can possibly be made into ties, piling, etc. and to account to the said vendors for the stumpage thereon and pay the price aforesaid to the said vendors, so as to prevent waste or loss to vendors for their timber or stumpage, and to include in their log scale all swells or butts within two feet of the ground of all timber cut from said premises by said purchasers, whether cut or not cut by said purchasers."

And on the very same day, by act before the same notary and the same witnesses, the plaintiff, Charles B. Hicks, and the defendants, W. J. Griffith and J. C. Griffith, entered into an agreement as follows:

"Whereas he (Charles B. Hicks) has this day, jointly with the Hicks-Richardson Company, Limited, executed unto W. J. Griffith and J. C. Griffith, a sale of certain cypress timber, etc. upon certain lands in DeSoto parish, La., which contract is made a part hereof by reference; and,

"Whereas, in the aforesaid act of timber agreement aforesaid the appearer's (Charles B. Hicks') undivided one-half (½) interest in what is known as the W. G. Glover's Lake Lands, described as lot five (5) and lot eight (8), being fractional N½ of SE¾ of Section 10 in Township 13 North of Range 12 West, containing 115.64 acres, more or less, was not embraced or included therein, when as a matter of fact, the same should have been included therein, as giving the said W. J. Griffith and J. C. Griffith the right to cut and remove the same, as provided for in the aforesaid timber contract;

"Now, therefore, the said appearer, C. B. Hicks, does hereby formally agree and obligate himself to permit and allow the said W. J. Griffith and J. C. Griffith to cut and remove the aforesaid timber on his undivided one-half interest in and to the aforesaid described lands, upon the same terms and conditions as provided for in the aforesaid timber agreement by said appearer and the Hicks-Richardson Company, Limited, with the said W. J. Griffith and J. C. Griffith, as aforesaid; and instead of being paid the full amount of the cut therefrom the said appearer (Charles B. Hicks) is to be paid one-half thereof, and the remaining one-half of the stumpage is to be paid to the co-owner of the said appearer, W. G. Glover.

"It is further understood that the said W. J. Griffith and J. C. Griffith have a timber or tie agreement with the said Glover to his one-half interest in and to the aforesaid lands, but should the said W. J. Griffith and J. C. Griffith's agreement with W. G. Glover not permit or allow them to cut other than ties from the aforesaid lands, and they do not agree or make an agreement with said Glover on his half of the land aforesaid, then the

said appearer, C. B. Hicks, shall be under no obligation to the said W. J. Griffith and J. C. Griffith for them to cut and remove his one-half interest in and to the timber on the aforesaid property."

The defendants having acquired from W. G. Glover the right to cut and remove the timber from the land owned by him and plaintiff, so far as his undivided half interest in the timber was concerned, and having cut from the land timber of the value of $653.61, and having accounted to Glover for his half of this amount, and having refused to pay to plaintiff an equal amount, plaintiff brought this suit.

The defense is that plaintiff's undivided half of the timber was included in the contract between plaintiff and the Hicks-Richardson Company, Limited, and defendants, and its transfer to defendants formed part of the consideration paid and agreed to be paid by defendants by that contract; that by mutual error the contract failed to describe plaintiff's undivided half interest in the timber owned by him and Glover and that the purpose of the contract between plaintiff and defendants was to reform the contract between plaintiff and the Hicks-Richardson Company, Limited, on the one side, and defendants on the other side, so as to include therein, as having been inadvertently omitted therefrom, plaintiff's half of the timber owned by him and Glover.

It is further alleged that defendants have paid to plaintiff and the Hicks-Richardson Company, Limited, for all timber cut by defendants under the two contracts and that such payment included the value of plaintiff's half of the Hicks-Glover timber.

Plaintiff contends that the contract between him and defendants was not an amendment to or part of the contract between defendants and C. B. Hicks and Hicks-Richardson Company, Limited, but an independent contract whereby defendants were given the right to cut the Hicks-Glover timber, paying therefor on the basis of $4.00 per thousand feet, board measure, stumpage, so far as plaintiff's interest therein was concerned, provided defendants could acquire from Glover the right to cut the timber so far as his interest therein was concerned.

The question presented for our determination is whether the contract between plaintiff and defendants was independent of the contract between plaintiff and the Hicks-Richardson Company, Limited, and defendants, and for an additional consideration, as contended for by plaintiff, or was a mere amendment to or correction of the latter contract, and made for the purpose of including therein plaintiff's half of the timber on the W. G. Glover land, as having been inadvertently omitted therefrom, and without additional consideration, as contended for by defendants.

The evidence introduced in support of the respective contentions was conflicting and of approximately equal weight, and we must resort to the instruments themselves and the circumstances surrounding their execution to ascertain the intention of the parties.

"The seller is bound to explain himself clearly respecting the extent of his obligations: any obscure or ambiguous clause is construed against him."

Civil Code, article 2474.

The evidence shows that all of the timber, that uncut as well as that cut, and plaintiff's half of that on the W. G. Glover tract as well as that of plaintiff and the Hicks-Richardson Company, Limited, will not amount to one million feet; and

it also shows that plaintiff, who represented the Hicks-Richardson Company, Limited, as well as himself, was willing to sell all of the timber that that company and he owned for $4.00 per thousand feet, stumpage, and that defendants were not willing to pay more than this for it. And the evidence further shows that plaintiff was convinced the timber owned by himself did not exceed one million feet. The facts corroborate, we think, defendant's contention that plaintiff's half of the timber on the W. G. Glover tract was intended to be included in the first contract and that the price of the first contract also included the price of this timber. We do not believe defendants would have agreed to pay $4,000.00 in any event for the timber, even though the stumpage proved to be less than one million feet, unless plaintiff's half of the timber on the W. G. Glover tract was also included.

As defendants were not willing to pay more than $4000.00 for all the timber, including plaintiff's half of that on the W. G. Glover tract, and did not expect to get and will not get more than one million feet from all of it, if plaintiff were allowed to recover in this action defendants would be paying more for the timber than they agreed to pay and plaintiff would be receiving pay twice for his half of the timber on the W. G. Glover land.

The burden was on plaintiff to make out his case. This we think, as did the trial court, he failed to do.

The judgment appealed from is correct and accordingly it is affirmed.

WEBB, J., concurs.